UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUEL ROCK, | Civil Action No. 20-16059 (RK) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court by Shaquel Rock's motion to vacate brought pursuant 28 U.S.C. § 2255. For the reasons explained below, the Court denies the motion and the request for a hearing. The Court also denies a certificate of appealability.

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On October 25, 2018, Rock was arrested and charged by criminal complaint (along with 25 other defendants) with a conspiracy to distribute heroin in the Trenton, New Jersey area in violation of 21 U.S.C. § 846. On April 9, 2019, Rock entered a guilty plea before the Honorable Freda L. Wolfson, U.S.D.J., to a one-count Information charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code Section 846, and contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). (*See* Crim No. 19-243 (FLW), ECF No. 294.)

Rock executed a plea agreement with the government on March 8, 2019. (*Id.* at ECF No. 296, Plea Agreement.) In the plea agreement, the parties agreed that the version of the United States Sentencing Guidelines effective November 1, 2018, applied in this case. (*See* Plea

Agreement, Schedule A ¶ 3.) The parties also stipulated that Rock was responsible for more than 100 grams but less than 400 grams of heroin. (Plea Agreement, Schedule A ¶ 4.) The parties further stipulated that Rock should be given a three-level reduction in his offense level for his acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a)-(b). (*See* Plea Agreement, Schedule A ¶¶ 5-6; PSR ¶¶ 168-169.) The parties also agreed that neither side could file an appeal challenging the factual stipulations if they were accepted by the sentencing court.[1] (Plea Agreement at 3, Schedule A ¶ 6.) In addition, the plea agreement notified Rock that the "violation of 21 U.S.C. § 846 . . . carries a statutory mandatory minimum sentence of 5 years, a statutory maximum prison sentence of 40 years[.]"[2] (Plea Agreement at 2.) The plea agreement also notified Rock about the advisory nature of the Guidelines and that the sentencing court could impose a sentence up to the maximum. (*Id.*)

Rock entered a guilty plea on April 9, 2019. (ECF No. 304, Plea Tr.) During the plea hearing, the Court explained that Rock could be sentenced to up to 40 years in prison for his crime. (Plea Tr. at 18:18-18:24.) The Court also explained, among other things, that the Sentencing Guidelines are advisory in nature, that the Court may impose a sentence that is higher or lower than the applicable Guidelines range, that it is impossible for the Court or Rock's counsel to predict the sentence range that may be required by the Guidelines until the presentence report ("PSR") is prepared, and that Rock would not be permitted to withdraw his plea based on an incorrect prediction about his sentence. (Plea Tr. at 20:3-23:7.)

Rock did not stipulate in the plea agreement that he was a career offender. (*See* PSR ¶ 225 (noting that the plea agreement did not "contain any agreement as to Rock's total offense level or

---

[1] The parties otherwise retained their appeal rights, and Rock retained his right to file a collateral attack under 28 U.S.C. § 2255. (Plea Agreement, Schedule A ¶ 7.)

[2] *See* 21 U.S.C. § 841(b)(1)(B).

status as a career offender").) Probation determined, however, that Rock was a career offender because he had at least two prior convictions for controlled substance offenses[3] and his federal offense was a controlled substance offense under § 4B1.1(a)(2)-(3) and then-existing Third Circuit precedent. (*See* PSR ¶¶ 167, 225.) Rock had twelve (12) criminal history points, which ordinarily would have placed him within criminal history category V. (PSR ¶ 182.) Because Rock was designated as a career offender, he fell within criminal history category VI. *See* U.S.S.G. § 4B1.1(b). (PSR ¶ 183.) Although the base offense level was 24, Rock's status as a career offender increased the base offense level to 34. U.S.S.G. § 4B1.1(b)(2). (PSR ¶¶ 135, 160, 167.) After a reduction for cooperation, the final offense level was 31, and the recommended Guidelines range for his sentence was 188 to 235 months. (PSR ¶¶ 168-170, 224.)

At sentencing on December 18, 2019, the District Court accepted the calculations set forth in the Presentence Investigation Report. (ECF No. 202, Sentencing Tr. at 4:14-5:18.) Rock, through his counsel, sought a 128-month downward variance from the bottom of the Guidelines range to a sentence of 60 months' imprisonment.[4] The Government consented to a downward variance, but, based on the § 3553(a) factors, sought a sentence of no less than 120 months. (Sentencing Tr. at 6:7-12; 12:3-14.) The Court considered all of the applicable factors, and sentenced Rock to 120 months' imprisonment, a 68-month downward variance from the bottom of the Guidelines range, followed by five years of supervised release. (*See* ECF No. 202, Sentencing Tr. at 25:20-25; *see also* ECF No. 300, Judgment of Conviction.)

---

[3] As to his prior offenses, Rock was convicted in November 2012 of possession of a controlled dangerous substance with intent to distribute (PSR ¶ 177), in October 2013 of distribution of heroin (PSR ¶ 181), and in April 2015 of possession of heroin with intent to distribute (PSR ¶ 179) and possession of heroin with intent to distribute in a school zone. (PSR ¶ 180.)

[4] Counsel argued that Rock's criminal history was overstated, that he had suffered a traumatic childhood, and that he had made rehabilitative efforts prior to his arrest. (*See* App. No. 19-3963 (3d Cir.), App. Br. at 12.)

On December 21, 2019, Rock's counsel filed a timely notice of appeal on Rock's behalf. (App. No. 19-3963 (3d Cir.).) On February 6, 2020, defense counsel filed Rock's appellate brief, arguing that the Court erred by not considering or not meaningfully considering Rock's argument for a downward variance because his career offender designation significantly overstated the seriousness of his criminal history. (*Id.* at Dkt. No. 9, App. Br. at 10-15.) Counsel did not argue, however, that Rock's was improperly designated as a career offender based on his crime of conviction or his prior convictions. (*See id.* at 12 (noting that "[t]he defense agreed with the mechanical calculation of the advisory guideline range").)

On August 12, 2020, the Third Circuit issued a non-precedential opinion, denying Rock's appeal and affirming his sentence, holding that there was "no error here, plain or otherwise," and that "[t]he record shows that the District Court reasonably considered and applied the sentencing factors established in 18 U.S.C. § 3553(a)." *United States v. Rock*, 821 F. App'x 131, 133 (3d Cir. 2020). The Third Circuit also added the following footnote:

> Rock also appears to argue that it was wrong to treat him as a career offender at all, given his age and the speed with which his crimes were committed. But he does not contend here, nor did he before the District Court, that he does not qualify for career offender status, and any argument that he should not be sentenced as a career offender lacks merit.

*Rock*, 821 F. App'x. at 134.

On November 13, 2020, Rock filed a timely pro se motion to vacate his sentence ("§ 2255 Motion") and raised three grounds for relief, which are explained in detail below. (Civ. No. 20-16059, ECF No. 1.) On February 2, 2021, the Court directed the government to file an answer, and the government filed its answer on March 19, 2021. (ECF Nos. 2-3.) Petitioner filed a reply brief on April 14, 2021. (ECF No. 4.)

On January 17, 2023, the matter was reassigned to the Honorable Georgette Castner, U.S.D.J., due to Judge Wolfson's retirement. (ECF No. 6.) The matter was reassigned to the undersigned on May 15, 2023. (ECF No. 8.)

On February 14, 2023, Rock also filed a motion to take judicial notice, which the Court construes as a supplemental brief in further support of his § 2255 Motion. (ECF No. 7.) The Court administratively terminates that motion and considers Rock's additional arguments in addressing his claims for relief. The matter is fully briefed and ready for a decision.

## II. STANDARD OF REVIEW

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Similarly, in determining whether to grant the petitioner a hearing, the petitioner's factual allegations are accepted as true unless the record shows them to be frivolous. *United States v. Lilly*, 535 F.3d 190, 195 (3d Cir.

2008). The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III. DISCUSSION

Rock argues that he should not have been sentenced as a career offender because the November 1, 2018 version of the Sentencing Guidelines does not include inchoate offenses as qualifying controlled substance offenses. (*See* Motion at 5-10.) According to the Sentencing Guidelines,

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 There is no question that Rock was over 18 when he committed the instant offense. (*See* PSR at ¶ 195) Thus, Rock is a career offender if his instant offense is a crime of violence or a controlled substance offense and he has two prior convictions for either crimes of violence or controlled substance offenses. As relevant here, under the November 1, 2018 version of the Guidelines,

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). As Rock argues, the definition of controlled substance offense, as set forth in the November 1, 2018 Sentencing Guidelines, does not mention inchoate crimes, such as

conspiracy; however, Application Note 1 of the commentary to U.S.S.G. § 4B1.2 explicitly stated that the term "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."[5]

Moreover, at the time of Rock's plea hearing on April 9, 2019, through the conclusion of his direct appeal on August 12, 2020, the controlling Third Circuit precedent on this issue was *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994), which held that a "controlled substance offense" includes inchoate offenses such as attempt, conspiracy, or solicitation. The Third Circuit reached this conclusion by deferring to Application Note 1 to U.S.S.G. § 4B1.2. *See id.*

Although the Third Circuit held the majority view on this issue, a circuit split had emerged by 2018. In *United States v. Winstead*, 890 F.3d 1082, 1089, 1091 (D.C. Cir. 2018), a panel of the D.C. Circuit held that "Section 4B1.2(b) presents a very detailed "definition" of controlled substance offense that clearly excludes inchoate offenses." It further determined that deference accorded to the Sentencing Commission "does not extend so far as to allow it to invoke its general interpretive authority via commentary"[6] *Id.* at 1092. On June 6, 2019, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) and held that "[t]he Guidelines' definition of "controlled substance offense" does not include attempt crimes."

Subsequently, on June 26, 2019, approximately six months prior to Rock's sentencing, the Supreme Court decided *Kisor v. Wilkie*, 588 U.S. ——, 139 S. Ct. 2400 (2019), and reduced the

---

[5] The Sentencing Commission authors the United States Sentencing Guidelines and the commentary.

[6] Under *Stinson v. United States*, 508 U.S. 36 (1993), the Guidelines commentary is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline", *id.* at 38, and the commentary should "be treated as an agency's interpretation of its own legislative rule." *Id.* at 44-45 (citing *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).

7

level of deference courts should give to agency interpretations of regulations.[7] *See Kisor*, 139 S. Ct. at 2414-15 (holding that deference should only be applied when a regulation is genuinely ambiguous).

On December 1, 2020, several months after the conclusion of Rock's direct appeal, the Third Circuit relied on the new deference standard announced in *Kisor* to overturn *Hightower*. In *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020) ("*Nasir I*"), the Third Circuit held that "[i]n light of *Kisor's* limitations on deference to administrative agencies, we conclude that inchoate crimes are not included in the definition of "controlled substance offenses" given in section 4B1.2(b) of the sentencing guidelines". In so holding, the Third Circuit citied approvingly to *Winstead* and *Havis*. *Id.* at 159.

The Supreme Court subsequently vacated the Third Circuit's decision in *Nasir I* and remanded for further consideration of a related issue not relevant here. *See United States v. Nasir*, ⎯⎯ U.S. ⎯⎯, 142 S. Ct. 56 (2021). On remand, the Third Circuit, sitting *en banc*, arrived at the same conclusion—an inchoate crime cannot qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021).

In response to the circuit split,[8] the Sentencing Commission, in April 2023, promulgated an amendment to the career offender guidelines under U.S.S.G § 4B1.2, which clarifies that

---

[7] There is a circuit split regarding whether the new deference standard announced in *Kisor* applies to the Guidelines commentary. *See United States v. Vargas*, 74 F.4th 673, 677 (5th Cir. 2023) (holding that the Supreme Court's decision in *Kisor* did not displace the highly deferential standard the Court announced in *Stinson*); *United States v. Maloid*, 71 F.4th 795, 803-817 (10th Cir. 2023) (concluding *Kisor* did not change the standard of deference given to the Guidelines' commentary); *United States v. Rivera*, 76 F.4th 1085, 1089 (8th Cir. 2023) (explaining that sister circuits have held that *Kisor* applies to the Guidelines' commentary but finding that "there are grounds for questioning this reasoning").

[8] After the Supreme Court issued its decision in *Kisor*, the Sixth, Ninth, and Eleventh Circuits also held that courts cannot defer to Application Note 1 to interpret § 4B1.2(b). *United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021); *United States v. Castillo*, 69 F.4th 648 (9th Cir. 2023);

defendants can be sentenced under the career offender guideline based upon inchoate offenses.[9] The amendment went into effect on November 1, 2023, and reads as follows:

> (d) Inchoate Offenses Included.--The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense.

U.S.S.G. § 4B1.2(d).

In his motion, Rock relies primarily on *Winstead* and *Havis* and argues that he was improperly sentenced as a career offender because inchoate crimes[10] do not qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b), as set forth in the November 1, 2018 version of the United States Sentencing Guidelines. Rock seeks to be resentenced without the career offender enhancement. Rock also relies on *Bousley v. United States*, 523 U.S. 614 (1998) and argues that his plea was not knowing and voluntary and should be set aside because neither the Court nor his counsel informed him that he did not qualify as a career offender. Finally, Rock argues that his counsel provided ineffective assistance in failing to argue at sentencing or on direct appeal that he

---

*United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). The First, Second, Fifth, Seventh, Eighth, and Tenth Circuits continued to defer to Application Note 1. *See United States v. Lewis*, 963 F.3d 16 (1st Cir. 2020); *United States v. Tabb*, 949 F.3d 81 (2d Cir. 2020); *United States v. Smith*, 989 F.3d 575 (7th Cir. 2021), cert. denied, ⎯ U.S. ⎯, 142 S. Ct. 488, 211 L.Ed.2d 295 (2021); *United States v. Maloid*, 71 F.4th 795 (10th Cir. 2023); *United States v. Vargas*, 74 F.4th 673, 677 (5th Cir. 2023).

[9] *See* United States Sentencing Commission, "2023 Amendments in Brief," available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_822.pdf (last visited December 18, 2023).

[10] Rock's prior controlled substance offenses listed in the PSR appear to be completed drug crimes, and thus fall within the definition of controlled substance offense; however, his crime of conviction—conspiracy to distribute heroin—is an inchoate offense. The Court liberally construes Rock to argue that his predicate crime does not qualify him as a career offender. Although Rock provides no evidence that his prior drug offenses are inchoate crimes, this claim fails for the same reasons.

did not qualify as a career offender under the November 2018 version of the Guidelines. Rock also seeks a hearing, presumably on his ineffective assistance claims. (*See* Motion at 15.) The Court addresses each of his arguments below.

### a. Rock's Claim for Resentencing based on his Incorrect Career Offender Designation is not Cognizable in § 2255 Proceeding

From the outset, the government argues that Rock's challenge to his career offender status and request for resentencing are barred by the Third Circuit's precedential decision in *United States v. Folk*, 954 F.3d 597, 600, 609 (3d Cir. 2020). There, the circuit court affirmed the denial of a § 2255 motion challenging a sentence based on an incorrect career-offender designation under the advisory Sentencing Guidelines and held that such a "claim is not cognizable under 28 U.S.C. § 2255[.]" The Third Circuit explained that a § 2255 motion may provide a remedy for a nonconstitutional sentencing error in two circumstances. *Id.* at 602 (citing *United States v. Doe*, 810 F.3d 132, 155 (3d Cir. 2015)). First, a flawed sentence is cognizable in a § 2255 motion "if a sentencing error resulted in "an omission inconsistent with the rudimentary demands of fair procedure." *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (citation omitted). Second, a sentencing error is cognizable if it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* The Third Circuit then held that a misapplication of the career-offender Guidelines is neither "a prejudicial *procedural* error," *id.* at 604 (emphasis in original), nor "a fundamental defect that inherently results in a complete miscarriage of justice."[11] *Id.* The Third Circuit gave four rationales for its reasoning: "(1) the lawfulness of a

---

[11] The Third Circuit also distinguished *United States v. Doe*, 810 F.3d 132, 160 (3d Cir. 2015), in which the court held that an incorrect career-offender designation under the <u>mandatory</u> Guidelines is a fundamental defect inherently resulting in a complete miscarriage of justice cognizable under § 2255. *See Folk*, 954 F.3d at 607-08; *see also United States v. Booker*, 543 U.S. 220, 246 (2005) (making the Guidelines advisory).

sentence within the statutory limit; (2) the advisory nature of the Guidelines; (3) an interest in finality; and (4) a concern about workable standards." *Id.* The court noted, significantly, that "[t]here is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable." *Id.* at 606. This Court agrees with the government that the Third Circuit's unambiguous holding in *Folk* forecloses relief on Rock's claim that he is entitled to resentencing due to his incorrect career offender designation.

### b. Rock's Claim that his Plea was not Knowing and Voluntary is Meritless

Rock also argues that claim that his plea was not knowing and voluntary, relying on *Bousley v. United States*, 523 U.S. 614 (1998). In *Bousley*, the Supreme Court held that "a guilty plea will not preclude a defendant from collaterally attacking h[is] conviction where, because of a change in law, it becomes clear that the defendant did not receive 'real notice of the true nature of the charge against him' before pleading guilty." *United States v. White*, 778 F. App'x 166, 169 (3d Cir. 2019) (quoting *Bousley*, 523 U.S. at 618-19)). It is well-established, however, that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621. The Supreme Court explained that there are only two limited exceptions to this rule. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

Here, Rock's claim under *Bousley* fails for a number of reasons. First, Rock does not allege cause and prejudice or actual innocence. As such, his claim is procedurally defaulted.

Second, although Rock claims that his counsel and the Court failed to advise him that he was not a career offender, that alleged failing does not affect Rock's "real notice of the true nature of the charge against him." *See Bousley*, 523 U.S. at 618-19 ("petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be . . . constitutionally invalid.") (emphasis added). And third, a defendant's plea is not involuntary where the written plea agreement and in-court guilty plea colloquy advise him about his maximum potential exposure and the sentencing court's discretion. *See U.S. v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (citing *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir.1972) (per curiam) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence)).

Here, Rock was fully informed in his plea agreement and at his change of plea hearing about the applicable statutory maximum, and was fully aware at the time he entered his guilty plea that he could be sentenced to up to 40 years in prison for his crime. (Plea Tr. at 18:18-18:24.) The Court also informed Rock that the Guidelines are advisory in nature, that it is impossible for the Court or Rock's counsel to predict the sentence range that may be required by the Guidelines until the PSR is prepared, and that Rock would not be permitted to withdraw his plea based on an incorrect prediction about his sentence. (Plea Tr. at 20:3-23:7.) These facts, along with the fact that Rock received a lawful sentence of ten years, fully supports the voluntariness of his plea. *See Folk, supra*, 954 F.3d at 604–05. The Court therefore denies relief on Rock's claim that his plea was not knowing and voluntary.

### c. Rock's Counsel was Not Deficient for Failing to Argue that Rock did not Qualify as a Career Offender, and Rock is not Entitled to a Hearing

Finally, Rock argues his counsel was deficient for failing to argue at sentencing and on direct appeal that Rock's crime of conviction (or his prior convictions) did not qualify him as career offender. (Motion at 8-9.) Petitioner specifically contends that his counsel should have been aware of the decisions in *Havis* and *Winstead* and amended Rock's appeal to raise this argument. (Motion at 9.)

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 689-92). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002). The court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. *See Strickland*, 466 U.S. at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding[,]" including in plea negotiations, at sentencing, and on appeal. *Lafler v. Cooper*, 566 U.S. 156, 162-165 (2012). There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). Counsel's conduct is deficient where the errors are "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

13

*Strickland*, 466 U.S. at 687. Moreover, *Strickland's* deficiency prong "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Id.* at 688.

At issue here is not whether Rock was incorrectly designated as a career offender under prevailing law.[12] Indeed, under *Hightower*, Rock clearly qualified as a career offender. The issue is whether counsel had a duty to anticipate a change in the law at the time of Rock's sentencing or during his direct appeal. Under Third Circuit law, counsel has no obligation to anticipate a change in the law unless it is clearly foreshadowed.[13] *Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996) (holding that defense counsel's failure to predict the Supreme Court's decision in *Batson v. Kentucky*, 471 U.S. 1052 (1985) did not constitute ineffective assistance); *see also U.S. v. Doe*, 810 F.3d at 154 ("failing to predict a change in the law is not deficient performance"); *United States v. Stubbs*, 757 F. App'x 159, 161–62 (3d Cir. 2018) (where trial counsel's "failure to object was consistent with the law at the time of trial," "an attorney cannot be deficient for failing to predict changes in the law"); *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions.").

---

[12] The Third Circuit has held that where an attorney "fails to object to <u>an improper enhancement</u> under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004) (emphasis added). In this context, counsel has a "duty to make reasonable investigations of the law" and "cite favorable decisions." *United States v. Otero*, 502 F.3d 331, 336 (3d Cir. 2007). "So failing to raise "readily available" authorities may be deficient." *United States v. Dominguez-Rivera*, 810 F. App'x. 110, 112 (3d Cir. 2020) (citing *id.*). In order to show prejudice based on an incorrect career-offender designation, a petitioner must show a reasonable probability that the "result of the proceeding would have been different." *Id.* at 694. An error in calculating a Guidelines range "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Rosales-Mireles v. United States*, —— U.S. ——, 138 S. Ct. 1897, 1907] (2018) (citation omitted).

[13] As a general rule, "counsel decides which issues to pursue on appeal . . . and there is no duty to raise every possible claim." *Sistrunk*, 96 F.3d at 670.

In *Sistrunk*, the Third Circuit held that defense counsel did not provide ineffective assistance of counsel when she failed to predict the Supreme Court's decision in *Batson* despite a request from petitioner that it be pursued. *See Sistrunk*, 96 F.3d at 668. In April 1985, after the petitioner's appellate brief had been filed but before oral argument, the United States Supreme Court granted certiorari in *Batson*. While his petition for review was pending, the U.S. Supreme Court decided *Batson*, holding that the Equal Protection Clause is violated whenever a state prosecutor exercises a peremptory challenge to exclude a venireperson from the jury because of his or her race. *Id.* at 668–69 (citing 476 U.S. at 96–98). A year after deciding *Batson*, but before the Pennsylvania Supreme Court had ruled on petitioner's application for review, the United States Supreme Court decided *Griffith v. Kentucky*, 479 U.S. 314 (1987), which applied *Batson* retroactively to all cases pending on direct review at the time *Batson* was announced. *Id.* at 669. Thus, if the petitioner's jury selection claim had been raised on direct appeal, and the state supreme court had granted review, *Batson* would have been the governing precedent. *See id.*

Although the lower court in *Sistrunk* granted habeas relief, the Third Circuit reversed, finding that "'[o]nly in a rare case' would it be ineffective assistance by a trial attorney not to make an objection that would be overruled under prevailing law." *Id.* at 671 (quoting *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989)). The Court also noted that

> [w]hile we do not dispute that there were criminal defense lawyers who ... predicted that a case like *Batson* might be decided as it was, we decline to hold that the performance of petitioner's appellate counsel was constitutionally deficient because she did not find the likelihood of that eventuality sufficient to alter her appellate advocacy strategy.

96 F.3d at 672.

Like *Sistrunk*, this is not the rare case where counsel should have made a challenge that would plainly fail under prevailing law. Indeed, Rock's counsel reasonably did not object to

15

Rock's career offender designation at sentencing or on appeal because Rock clearly qualified as a career offender under *Hightower*, which was settled Third Circuit precedent for more than two decades. Faced with this reality, counsel argued instead that Rock was entitled to a substantial downward variance because his career offender designation overstated his criminal history and due to his age, traumatic upbringing, and rehabilitation efforts. Rock ultimately received a sentence that was 68-months below the bottom of the Guidelines range.

Rock appears to argue that the Third Circuit's change in law was sufficiently foreshadowed by out of circuit authority, namely *Winstead* and *Havis*. In his supplemental brief, Rock also relies on *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021), which considered the issue of foreshadowing. In *Bridges*, a petitioner filed a § 2255 petition based upon his defense attorney's purported ineffective assistance in negotiating a guilty plea. *Id.* at 797. Specifically, the petitioner in *Bridges* argued "that his lawyer failed to realize and argue that" the petitioner's conviction for "robbery in violation of the Hobbs Act, 18 U.S.C. § 1951," did not qualify "as a 'crime of violence' under the [Sentencing Guidelines]." *Id.* As a result of counsel's failure, the petitioner argued that he was wrongly "categorized as a career offender." *Id.* The district court denied petitioner relief without a hearing, "reasoning that counsel's failure to anticipate arguments" not yet accepted by the Seventh Circuit could not have been "constitutionally deficient." *Id.*

The Seventh Circuit reversed for an evidentiary hearing, holding that while "[d]efense attorneys . . . are generally not obliged to anticipate changes in the law," "there are some circumstances where [counsel] may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law." *Id.* at 804. Although the Seventh Circuit had yet to conclude at the time of petitioner's guilty plea that "Hobbs Act robbery" was "not a 'crime of violence' as ... defined in the Guidelines", the lack of "binding in-circuit precedent on this exact

16

issue" did not defeat petitioner's Sixth Amendment argument. *Id.* at 797–98, 803–04. Without deciding whether defense counsel's performance was deficient, the court noted that the proposed challenge to the career offender enhancement was "sufficiently foreshadowed" by a recent amendment to the Sentencing Guidelines that "narrowed its definition of 'crime of violence,'" and a "Tenth Circuit decision squarely holding that Hobbs Act robbery was no longer a crime of violence" under that amendment. *Id.* at 798, 805–06.

The Seventh Circuit's decision in *Bridges*, however, is readily distinguishable because the challenge to the career offender enhancement at issue was an open question in the Seventh Circuit. There is a substantial difference between asking a court to decide a question of first impression, which is what the petitioner in *Bridges* claimed his counsel should have done, and asking a court to overrule long-settled precedent, which is what Rock claims his counsel should have done.

Courts in this circuit have rejected similar ineffective assistance claims premised on counsel's failure to make challenges in anticipation of *Nasir I* or argue that *Hightower* should be overturned. In *United States v. Blackwell*, 2021 WL 4847084, at *7 (W.D. Pa. Oct. 18, 2021), the district court rejected this claim as follows:

> When the Court sentenced Defendant, *Hightower* was the law governing Defendant's case, and inchoate offenses were predicate convictions under the career offender enhancement. Thus, any argument that Defendant's inchoate offense should not count for purposes of the career offender enhancement "would have been doomed to failure," and counsel would not have been ineffective for failing to pursue this futile argument. *Sistrunk*, 96 F.3d at 671. Accordingly, the Court finds that Defendant's counsel was not ineffective for failing to argue that *Hightower* should be overruled.

*Id*; *see also United States v. Handy*, No. 4:17-CR-00310, 2021 WL 1812682, at *6 (M.D. Pa. May 6, 2021) (denying relief on the same type of claim). Indeed, the Third Circuit's nonprecedential decision denying Rock's direct appeal explicitly notes Rock did not raise the argument that he was not a career offender and that any such argument "lacks merit." *Rock*, 821 F. App'x. at 134.

17

Moreover, the change in law at issue was not "clearly foreshadowed" simply because two circuit courts disagreed with the Third Circuit's holding in *Hightower*. The Court also notes that the Supreme Court decided *Kisor* approximately six months prior to Rock's sentencing, and the Third Circuit eventually relied on *Kisor* to overrule *Hightower*. To the extent Rock argues that *Winstead*, *Havis*, and *Kisor* sufficiently foreshadowed the change in law, the Court disagrees. In *United States v. Handy*, No. 2021 WL 1812682, at *6, the district court was faced with a similar argument and noted that predicting a change in law based on *Kisor* would have required counsel "to keep abreast on Supreme Court cases in administrative law—which is outside of his area of expertise—on the chance that those cases may impact criminal law." Here too, the Court finds that counsel was not deficient for failing to stay apprised of the Supreme Court's decisions in the area of administrative law and for failing to piece together a challenge to Rock's career offender status based on *Winstead*, *Havis*, and *Kisor*.[14]

For these reasons, the Court finds that counsel was not deficient at sentencing or on direct appeal for failing to argue that Rock did not qualify as a career offender.[15] Because this is not a rare case where counsel should have raised a challenge that would have failed under settled precedent, Rock is not entitled to a hearing on this claim to develop the record as to why his counsel

---

[14] Indeed, there is a circuit split regarding whether *Kisor* applies to Guidelines commentary, *see*, *supra*, n.7.

[15] Rock also fails to show that his counsel provided ineffective assistance in connection with his plea. At best, based on the timing of the relevant decisions, Rock can only claim that defense counsel should have advised him that the reasoning in *Winstead* could support the argument that Rock was not a career offender. At that time, counsel would also have needed to inform Rock that *Hightower* was the controlling Third Circuit precedent and directly contradicted *Winstead*. *Havis* (June 6, 2019), *Kisor* (June 26, 2019), and *Nasir* (December 1, 2020) were decided after Rock signed his plea agreement (March 8, 2019) and entered his guilty plea (April 9, 2019), and, thus, defense counsel could not have advised him about those decisions.

did not challenge his career offender status at sentencing or on appeal. The Court therefore denies relief on this claim and denies Rock's request for a hearing.

IV.     **CONCLUSION**

For the reasons stated in this Opinion, the Court denies Rock's § 2255 motion. The Court also denies a certificate of appealability ("COA") because reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) (a certificate of appealability is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right."). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *U.S. v. Doe*, 810 F.3d 132, 144 (3d Cir. 2015) (cleaned up) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). An appropriate Order follows.

_____
Robert Kirsch
United States District Judge

DATED: December 19, 2023.